Filed 3/25/21  In re L.Y.N. CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re L.Y.N., a Person Coming Under the Juvenile Court Law. | |
| MARIN COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br>v.<br>L.N.,<br><br>        Defendant;<br>L.Y.N.,<br><br>        Appellant. | A160215, A161018<br><br>(Marin County<br>Super. Ct. No. JV25603) |

On December 2, 2020, we granted L.Y.N.'s motion to consolidate her two appeals from juvenile court orders.  The first appeal (No. A160215) is from the juvenile court's May 4, 2020 order terminating jurisdiction over her as a nonminor dependent (NMD) when she was 20 years old and dismissing her case.  Following the dismissal, L.Y.N. petitioned the juvenile court for reentry into extended foster care, and on July 22, 2020, the juvenile court granted her request.  However, the juvenile court denied L.Y.N.'s request to be reimbursed retroactively for benefits during the period from May 4, 2020,

1

to July 21, 2020. L.Y.N.'s second appeal (No. A161018) is from the juvenile court's August 25, 2020 order denying L.Y.N. retroactive benefits. L.Y.N. argues the juvenile court erred in terminating jurisdiction because she met the NMD eligibility requirements by attending college and working before Governor Newsom issued Executive Order No. N-33-20 on March 19, 2020, requiring all nonessential businesses to close due to COVID-19, and therefore she is entitled to retroactive benefits for the May 4, 2020, to July 21, 2020 period.

As explained below, we dismiss these appeals as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2012, when L.Y.N. was 12 years old, she was removed from her mother's custody and declared a dependent of the juvenile court. In 2013, reunification services were terminated and L.Y.N. was ordered into long-term foster care. In July 2017, shortly before she turned 18, L.Y.N. transitioned into the extended foster care program as an NMD under the jurisdiction of the juvenile court.

L.Y.N. remained in the extended foster care program as an NMD under the jurisdiction of the juvenile court until May 4, 2020, when the juvenile court issued an order finding that L.Y.N. did not meet any of the eligibility criteria of Welfare and Institutions Code section 11403, subdivision (b);[1] terminating jurisdiction; and dismissing the case.

In July 2020, L.Y.N. petitioned for reentry into extended foster care. On July 22, 2020, the juvenile court granted L.Y.N.'s request. On August 25, 2020, the juvenile court denied L.Y.N.'s request to be reimbursed

---

[1] Welfare and Institutions Code section 11403, subdivision (b) lists five educational and vocational conditions at least one of which an NMD must satisfy to be eligible to receive financial support until age 21. (*In re K.L.* (2012) 210 Cal.App.4th 632, 638.)

retroactively for benefits for the May 4, 2020, to July 21, 2020, period during which she was not under the juvenile court's jurisdiction.

Given L.Y.N.'s reentry into extended foster care, both parties stated in their initial briefs that the period at issue in L.Y.N.'s appeals is May 4, 2020, to July 22, 2020. The Marin County Department of Health and Human Services (County) filed letter briefs in both appellate cases stating that it takes no position regarding L.Y.N.'s appeals because it had recommended that the juvenile court continue jurisdiction over L.Y.N. However, the County's January 27, 2021 letter brief requested that we take judicial notice of the juvenile court's December 7, 2020 order terminating jurisdiction over L.Y.N. and dismissing her case because she is over age 21.[2]

On February 22, 2021, we directed the parties to address in supplemental briefing whether these appeals are moot given that the juvenile court dismissed jurisdiction over L.Y.N. because she is over age 21. L.Y.N.'s supplemental brief argues that there remains the issue of whether L.Y.N. is entitled to retroactive benefits for the May 4, 2020, to July 22, 2020, period and therefore the appeals are not moot. The County's supplemental brief requests that we take judicial notice of a February 9, 2021 order issued by the State Department of Social Services in L.Y.N.'s administrative challenge to the County's discontinuation of L.Y.N.'s extended foster care funding for the period from May 4, 2020, to July 21, 2020. We grant the County's unopposed request for judicial notice. (See *Arce v. Kaiser Foundation Health Plan, Inc.* (2010) 181 Cal.App.4th 471, 484 [taking judicial notice of administrative decision pursuant to Evid. Code, § 452, subd. (c)].)

---

[2] We grant the County's unopposed request for judicial notice of the juvenile court's December 7, 2020 dismissal order. (Evid. Code, § 452, subd. (d).)

3

The February 9, 2021 administrative order concludes, "The county shall issue extended foster care benefits, or the equivalent thereof, on behalf of [L.Y.N.] at the appropriate rate for the period of May 4, 2020 through July 21, 2020 as [L.Y.N.'s] extended foster care funding should not have been discontinued."[3]

## DISCUSSION

As a general rule, "a case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief." (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.) " 'It is well settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed. We will not render opinions on moot questions . . . .' " (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.)

L.Y.N. is no longer under the juvenile court's jurisdiction because she is now over age 21.[4] In addition, the February 9, 2021 administrative order granted L.Y.N. retroactive benefits for the period from May 4, 2020, to July 21, 2020, which is the same relief she seeks through her appeals.

" '[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error.' " (*In re David B.* (2017) 12 Cal.App.5th 633, 644.) Under

---

[3] The administrative decision is based, in part, upon Executive Order No. N-53-20, issued on April 18, 2020, which extended eligibility for extended foster care due to the COVID-19 pandemic. Because we dismiss L.Y.N.'s appeals as moot, we express no opinion as to whether the juvenile court erred in issuing either the May 4, 2020 order or the August 25, 2020 order.

[4] L.Y.N.'s supplemental brief explains that the department is currently seeking dismissal of dependency cases for NMD's over age 21, but it is continuing to provide financial assistance to them.

4

juvenile dependency law, dependency jurisdiction "may only be 'retain[ed],' 'continu[ed]' or 'resum[ed]' for nonminors in certain circumstances *until age 21*." (*Id.* at p. 638, italics added; Welf. & Inst. Code, §§ 303, subds. (a), (c), 388, subd. (e), 391, subd. (g).)  On December 7, 2020, the juvenile court dismissed L.Y.N.'s case because she is now age 21.  Even if we were to find that the juvenile court erred in issuing the prior orders dated May 4, 2020, and August 25, 2020, we would not be able to remand for the juvenile court to reinstate jurisdiction over L.Y.N. because such an action is beyond the scope of the juvenile court's jurisdiction.  (*In re David B., supra*, at p. 650.)  Accordingly, L.Y.N.'s appeals are moot.  (*In re David B., supra*, at pp. 650–652.)[5]

## DISPOSITION

We dismiss the consolidated appeals as moot.

---

[5] In addition, there is no longer an actual controversy between L.Y.N. and the County because the State Department of Social Services has ordered the County to pay L.Y.N. the same benefits she seeks by way of her appeals here.  We will not render opinions on moot questions.  (*Building a Better Redondo, Inc. v. City of Redondo Beach, supra*, 203 Cal.App.4th at p. 866.)  On March 18, 2021, L.Y.N. submitted an additional letter brief asserting that her appeals are not moot because she has not yet received payment from the County pursuant to the February 9, 2021 administrative order.  We reject this argument.  L.Y.N.'s administrative action is separate from her appeals here, and if the County has not complied with the administrative order, L.Y.N. may pursue remedies through the State Department of Social Services.

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Wiseman, J.*


A160215 & A161018/*Marin County Dept. of Health & Human Services v. L.N. (L.Y.N.)*


---

 * Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.